Reversed and remanded with instructions by published opinion. Chief Judge TRAXLER wrote the majority opinion, in which Judge RUSSELL joined. Judge WYNN wrote a dissenting opinion.
TRAXLER, Chief Judge:
In our previous opinion in this case, we affirmed the decision of the district court and held that North Carolina’s specialty license plate program violated the First Amendment. See ACLU v. Tata, 742 F.3d 563 (4th Cir.2014). The State sought review by the Supreme Court, which vacated our decision and remanded the case to us for reconsideration in light of the Court’s decision in Walker v. Texas Div., Sons of Confederate Veterans, Inc., — U.S. -, 135 S.Ct. 2239, 192 L.Ed.2d 274 (2015). See Berger v. ACLU, — U.S. -, 135 S.Ct. 2886, 192 L.Ed.2d 918 (June 29, 2015). After considering Walker and the supplemental briefs filed by the parties, we now reverse the decision of the district court and remand with instructions that the district court enter judgment for the State.
I.
As set out in more detail in our now-vacated decision, North Carolina operates a specialty license plate program that offers, inter alia, a “Choose Life” plate, but the State has repeatedly rejected efforts to include a pro-choice license plate. The ACLU and several vehicle owners brought this action alleging that the State violated the First and Fourteenth Amendments by refusing to offer a pro-choice license plate. The district court granted summary judgment in favor of the plaintiffs and issued *185 an injunction prohibiting the State from issuing “Choose Life” plates without also offering a pro-choice plate. See Tata, 742 F.3d at 566-67.
The State appealed the district court’s decision to this court. The State argued that the message conveyed through specialty license plates was government speech and that it was therefore permissible for it to engage in viewpoint discrimination when administering the license plate program. See Pleasant Grove City v. Summum, 555 U.S. 460, 467-68, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009) (“A government entity has the right to speak for itself ... and to select the views that it wants to express.” (internal quotation marks omitted)).
Applying the factors identified in Sons of Confederate Veterans, Inc. ex rel. Griffin v. Commissioner of the Virginia Department of Motor Vehicles, 288 F.3d 610 (4th Cir.2002), we rejected the State’s argument and held that “the ‘Choose Life’ plate at issue here implicates private speech rights and cannot correctly be characterized as pure government speech.” Tata, 742 F.3d at 575. Because private speech rights were implicated, we held that “the State’s offering of a ‘Choose Life’ license plate in the absence of a pro-choice plate constitutes viewpoint discrimination in violation of the First Amendment.” Id.
North Carolina filed a petition seeking review of our decision by the Supreme Court. While the State’s petition was pending, the Supreme Court issued its decision in Walker, which involved a challenge to Texas’s specialty license plate program. The Supreme Court held that “Texas’s specialty license plate designs constitute government speech and that Texas was consequently entitled to refuse to issue plates featuring [the plaintiffs] proposed [Confederate battle flag] design.” Walker, 135 S.Ct. at 2253. The Supreme Court thereafter granted the State’s petition in Tata, vacated our decision, and remanded the case to us for reconsideration in light of Walker.
The specialty license plate program at issue here is substantively indistinguishable from that in Walker, and the Walker Court’s analysis is dispositive of the issues in this case. Accordingly, we now conclude that specialty license plates issued under North Carolina’s program amount to government speech and that North Carolina is therefore free to reject license plate designs that convey messages with which it disagrees. See Walker, 135 S.Ct. at 2245 (“When government speaks, it is not barred by the Free Speech Clause from determining the content of what it says.”). We therefore reverse the district court’s grant of summary judgment in favor of the plaintiffs and remand with instructions that the district court enter judgment in favor of the defendants.

REVERSED AND REMANDED WITH INSTR UCTIONS